Allen Lichtenstein
General Counsel, ACLU of Nevada
NV Bar No. 3992
3315 Russell Road, No. 222
Las Vegas, Nevada 89120
702-433-2666 - phone
702-433-9591 - fax
alichtensteinlaw@aol.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JIM WEBBER; an individual and TOM GRINER, an individual; )

Plaintiffs )

v. )

CLARK COUNTY, NEVADA; BRUCE L. WOODBURY, TOM COLLINS, CHIP MAXFIELD, YVONNE ATKINSON GATES, MYRNA WILLIAMS, LYNETTE BOGGS MCDONALD, RORY REID, COMMISSIONERS. )

Defendants. )

**Verified Complaint**

Come now the Plaintiffs, by and through the undersigned attorneys, and file this Complaint for declaratory relief stating that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100, violate, both facially and as applied by the Defendants: freedom of speech, free exercise of religion, equal protection and due process clauses of the United States Constitution and Article 1, Section 9 of the Nevada Constitution. In addition, Plaintiffs request injunctive relief to enjoin Defendants from enforcing these provisions, and to also enjoin Defendants from imposing any further penalties on Plaintiffs regarding the aforementioned code sections. Plaintiffs also seek appropriate damages.

## I. Introduction

1. Plaintiffs bring this action for declaratory, injunctive, and monetary relief pursuant to 28 USC §2201 and 42 USC § 1983, requesting that this Honorable Court declare Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 ("Clark County obstruction ordinances") in violation of the First and Fourteenth Amendments to the U.S. Constitution, and Article 1, Section 9 of the Nevada Constitution, and that it enjoin their enforcement by the Defendants.

2. Because this cause of action involves federal constitutional claims, this Court has jurisdiction pursuant to 28 USC §1331.

3. Venue is proper in the District of Nevada pursuant to 28 USC §1391.

4. Because the Defendants are not an arm of the state, this suit is not barred by the Eleventh Amendment to the U.S. Constitution,. *See, Eason v. Clark County School District,* 303 F.3d 1137, 1145 (9`" Cir. 2002); *See also Culinary Workers Union v. Del Papa,* 200 F.3d 614, 619 (9`h Cir. 1999).

**II. Procedural history**

5. Plaintiff Tom Griner was arrested twice, once on or about April 14, 2004, and again on or about May 21, 2005, for violating Clark County ordinance 16.11.090, a penal provision for "obstructive use" of a public sidewalk as defined in Clark County chapter 16.11.020(e)(3). On the first occasion, the prosecutor dropped all charges before the arraignment. On the second occasion, charges were suspended against plaintiff Tom Griner at the arraignment hearing of August 17, 2005, but his professionally hand-crafted sign was not returned to him.

6. Plaintiff Jim Webber was also arrested on May 21, 2005 for violating Clark County ordinance 16.11.090, a penal provision for "obstructive use" of a public sidewalk as defined in Clark County chapter 16.11.020(e)(3). The charges against him were also dropped at the arraignment hearing of August 17, 2005, but his professionally hand-crafted Christian sign was not returned to him.

**III. Parties**

7. Plaintiff Jim Webber is a street preacher and resident of Las Vegas, Nevada.

8. Plaintiff Tom Griner is a pastor, street preacher and resident of Reno, Nevada.

9. Defendant Clark County Commission is a political entity authorized as a service delivery organization for governance of Clark County, Nevada.

10. Defendants Woodbury, Collins, Maxfield, Gates, Williams, McDonald, and Reid are the Commissioners for the Clark County Commission.

**IV. Facts**

11. 16.11.035 (County policy against obstructive uses of public sidewalks) states the

following:

"It is the policy of Clark County that no obstructive use, other than a permitted obstructive use, shall be permitted upon any public sidewalk of the resort district of the Las Vegas Valley if the obstructive use, if allowed to occur, would:

(a) Cause the LOS for the sidewalk to decline below LOS C; or

(b) Result in a significant threat to or degradation of the safety of pedestrians."

12. Clark County Code 16.11.040 (Prohibition of obstructive uses) states the following:

"No obstructive use shall be permitted on public sidewalks in the following areas, which areas shall be designated by the placement of pavement markings on the public sidewalks or signs designating the limits of the no obstruction zones, or plaques, monuments or medallions placed in the public sidewalks:

(a) On or within any crosswalk, including but not limited to all portions of a public sidewalk located in or on a median, traffic island or other structure within, across or over or under a public street or roadway;

(b) (1) In or within one hundred fifty feet of any mid-block crosswalk, as measured from the crosswalk parallel to the sidewalk curb toward the direction of approaching vehicular traffic, and

(2) In or within fifty feet of any mid-block crosswalk as measured from the crosswalk parallel to the sidewalk curb away from the direction of approaching vehicular traffic;

(c) (1) In or within one hundred feet of any crosswalk located at an intersection of streets or highways, as measured parallel to the sidewalk curb in the direction of approaching vehicular traffic from the point of curvature of the curb or the marked edge of the crosswalk, whichever is less, and

(2) In or within fifty feet of a crosswalk located at an intersection of streets or highways, as measured parallel to the sidewalk curb away from the direction of approaching vehicular

traffic from the point of curvature of the curb or the marked edge of the crosswalk, whichever is less;

(d) In or within fifty feet of any driveway providing ingress into or egress from any private or non-public property, as measured parallel to the sidewalk curb outward from the point of the curb cut;

(e) On or within any section of the public sidewalk which has been determined to have an average LOS of C or below, during the hours at which LOS declines below LOS C, as determined by a traffic study conducted by a registered professional engineer or the Clark County department of public works according to the methodology set forth in the Las Vegas Boulevard South Pedestrian Walkway Study."

1. Clark County Code 16.11.020(e) - (g) (General definitions) define "obstructive use" and Permitted obstructive use" as follows:

"e) "Obstructive use" means:

(1) Placing, erecting or maintaining an unpermitted table, chair, booth or other structure upon the public sidewalk;

(2) Forming a cordon or line of persons across the public sidewalk;

(3) Carrying banners or signs which protrude beyond the person's front or rear or which exceed the person's body width, upon the public sidewalk;

(4) Placing or storing equipment, materials, parcels, containers, packages, bundles or other property upon the public sidewalk;

(5) Placing, erecting or maintaining an unpermitted fixed or semi-fixed sign upon the public sidewalk;

(6) Sleeping upon the public sidewalk;

(7) Obstructing, delaying, hindering, blocking, hampering or interfering with pedestrian passage, including passage to or from private property; or

(8) Any use of the public sidewalk that causes the LOS for the public sidewalk to decline below LOS C, as determined by the methodology used in Chapter 13 of the Highway Capacity Manual and Las Vegas Boulevard South Pedestrian Walkway Study.

(f) "LOS C" means a pedestrian flow on a sidewalk of less than or equal to ten pedestrians per minute per foot as specified and defined in the Highway Capacity Manual, Special Report 209, a copy of which is filed with the office of the county clerk.

(g) "Permitted obstructive use" means:

(1) Any obstructive use of the public sidewalk by public safety equipment, including but not limited to, street signs, traffic signals, fire hydrants, utility poles and street and sidewalk lighting; and

(2) Any obstructive use of the public sidewalk for purposes of construction, maintenance or repair of the public safety equipment, right-of-way (or equipment therein) or adjoining private property, conducted by or pursuant to a valid construction permit issued by the Clark County department of public works, Clark County building department or Nevada Department of Transportation;

(3) Any obstructive use of the public sidewalk resulting from:

(A) An encroachment or structure constructed pursuant to the ordinances, rules, regulations or laws of the United States, the state of Nevada or Clark County, or

(B) The construction, modification, addition or attraction upon abutting private property occurring or in place before May 1, 1994;

(4) Any newsrack licensed pursuant to Clark County Code Chapter 16.08 unless such newsrack causes a degradation of the LOS to LOS C or less as provided in Section 16.11.040(e);

(5) Any conduct "arguably protected" by the National Labor Relations Act until or unless such conduct is determined to be unprotected pursuant to a decision of the National Labor

Relations Board;

(h) "Arguably protected" as used in subsection (g)(5) of this section has the same meaning as in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S. Ct. 773 (1959)."

1. Clark County Code 16.11.090 (Penalty for violation) reads as follows:

"Any person who violates any of the provisions of this chapter is guilty of a misdemeanor and upon conviction shall be punished by imprisonment in the county jail for a term not to exceed six months or by a fine not to exceed one thousand dollars, or by both such fine and imprisonment."

15. On or about Wednesday, April 14, 2004, officers of the Las Vegas Metropolitan Police ("LVMPD") approached Plaintiff Tom Griner on the sidewalk in front of the Bellagio hotel and casino and told him that he was in violation of Clark County code for obstruction of the sidewalk for carrying signs that were wider than his body. There was very little foot traffic, and Plaintiff Griner explained that he had chosen the spot for street preaching due to its 20-foot wide sidewalks. He also believed he had a right to be witnessing at that place, due to a recent Ninth Circuit Court of Appeals ruling. Plaintiff Griner's signs were attached to rods and held aloft above his head. After discussion, the officers said they would return the next night with a copy of the ordinance, and Plaintiff Griner agreed to meet them.

16. The following night Plaintiff Griner was again carrying Christian banners and handing out Christian literature to passers-by in front of the Bellagio with his friend Bob Robertson. The two LVMPD officers returned and showed Plaintiff Griner a copy of the obstruction ordinance stating that no sign could be wider than the presenter's body. When Plaintiff Griner again pointed out that there was virtually no pedestrian traffic and that his signs were above the flow of traffic, the LVMPD officers replied that actual obstruction was irrelevant, and insisted that Plaintiff Griner was obstructing the sidewalk. Plaintiff Griner was issued a citation for violating the Clark County obstruction ordinances. Bob Robertson video taped the incident.

17. Plaintiff Griner informed his friend and colleague Plaintiff Jim Webber about the

incident. As a result of the citation issued to Plaintiff Griner, Plaintiff Webber suggested that they alter their signs to be narrower than their bodies while witnessing on the Strip. After making new banners, 24" inches by 65" inches, to conform to the Clark County code, Plaintiffs continued to witness in front of the Bellagio until Plaintiffs court date. When Plaintiff Griner attended his hearing, he was informed that the prosecutor had dropped the charges against him, at least for the time being.

18. Plaintiffs believed that the charges against Plaintiff had been dropped because the prosecutor had realized that the ordinance was unconstitutional, in violation of Plaintiffs' constitutional rights. Plaintiffs thus resumed witnessing with their original large banners - 41" inches by 44" inches.

19. Plaintiffs, bearing their larger signs, were witnessing in front of the Venetian hotel and casino in late summer of 2004. Local security guards told them to leave, and when Plaintiffs refused, called LVMPD. The officers and security guards told Plaintiffs that they could not witness on that property, as it was private. Plaintiffs again mentioned the Ninth Circuit case decided to the contrary, and called officials at the American Civil Liberties Union of Nevada ("ACLU of Nevada"), who arrived at the scene. After discussion between the ACLU of Nevada officials and LVMPD, the police and guards allowed Plaintiffs to continue witnessing on public property. LVMPD officers made no mention of sign width; they only mistakenly told Plaintiffs they could not be standing on the public sidewalk in front of the Venetian. This further strengthened Plaintiffs' belief that their larger signs were lawful. This encounter was also video tape.

20. Plaintiffs witnessed through the spring of 2005 without further incident. On May 21, 2005, Plaintiffs were witnessing in front of the Bellagio, as was their custom due to the wide sidewalks. Two LVMPD officers approached them and told them to move to the edge of the sidewalk. Plaintiffs inquired if he knew about the Ninth Circuit ruling in their favor, stated that he had a right to proclaim his religion, and began to videotape the encounter. This irritated the police. Plaintiff Webber encouraged the officers to call their supervisor, which one of them did. That officer got off the phone and abruptly came over to the Plaintiffs without any further communication and grabbed their banners out of their hands, and threw them on the ground. LVMPD handcuffed both

Plaintiffs and called for a paddy wagon while writing out citations against both Plaintiffs. About six LVMPD officers measured the signs and Plaintiffs' bodies, confiscated the banners, and placed Plaintiffs into a LVMPD paddy wagon. This encounter was also video taped by Plaintiff Jim Webber, as well as a film crew from the television series "COPS."

21. Plaintiffs were taken to the Clark County Detention Center, where they were booked and held in cells until 4 a.m., and released into the jail's back alley.

22. Plaintiffs resorted again to the smaller signs. On August 17, 2005, Plaintiffs attended the hearing for their citations, and were informed the charges had not been filed by the District Attorney's office. Believing the ordinance under which they were cited to be unconstitutional, and again recognized as such by the prosecutor, plaintiffs began again using their larger signs, except two that had been confiscated by LVMPD during the May 2005 incident.

**IV. Standing**

23. Plaintiffs have standing in that plaintiffs have already been arrested for violating Clark County code. Plaintiff Tom Griner has been arrested twice. The Las Vegas Metropolitan Police are currently enforcing obstruction ordinances. Plaintiffs Griner and Webber have twice altered their signs used on public sidewalks as a result of police enforcement, fearful of further police action. Two of their professional-grade Christian signs remain in police custody. As Plaintiffs intend to continue to engage in their religious speech including the use of signs wider than their bodies, the possibility for Plaintiffs to be arrested, charged, and jailed still remains. Thus, the requirements for Article III standing have been met.

**V. Causes of action**

**Violations of the United States Constitution**
**Clark County Code Chapter 16.11**

**First Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of the right of freedom of speech guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

24. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

25. Clark County Code Chapter 16.11 violates the right to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as

applied by Defendants.



**Second Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of the right of free exercise of religion guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

26. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

27. Clark County Code Chapter 16.11 violates the right to free exercise of religion guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by Defendants.

**Third Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of the Equal Protection Clause of**
**the Fourteenth Amendment**
**to the United States Constitution.**

28. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

29. Clark County Code Chapter 16.11 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied by Defendants.

**Fourth Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of the right to due process of**
**guaranteed by the**
**to the United States Constitution.**

30. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

31. Clark County Code Chapter 16.11 violates the due process clauses of the Fifth and Fourteenth Amendment to the United States Constitution, both facially and as applied by the Defendants.

**Fifth Cause of Action**
**(Clark County Code Chapter 16.11)**
**Vagueness and overbreadth**

32. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

33. Clark County Code Chapter 16.11 is unconstitutionally vague and overbroad.

**Sixth Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of Article 1, Section 9**
**of the Nevada Constitution**

34. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

35. Clark County Code Chapter 16.11 violates the Article I, Section 9, of the Nevada Constitution.

**Seventh Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of state law**

36. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

37. Clark County Code Chapter 16.11 violates NRS 194.010.

**Eighth Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of state law**

38. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

39. Clark County Code Chapter 16.11 violates NRS 614.160.

**Ninth Cause of Action**
**(Clark County Code Chapter 16.11)**
**Violation of state law**

40. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

41. Clark County Code Chapter 16.11 violates NRS 651.070.

**Eighth cause of action**
**Intentional infliction of emotional distress**

42. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

43. Defendants' actions have caused Plaintiffs to suffer significant emotional harm.

**Ninth cause of action**
**conversion**

44. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

45. Defendants took Plaintiffs' signs during the - 2005 arrest and have not, without justification, returned the property to the rightful owners.

**WHEREFORE,** Plaintiffs' request this Honorable Court for the following:

a. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate, both facially and as applied by the Defendants, the free speech clause of the First Amendment to the United States Constitution;

b. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate, both facially and as applied by the

Defendants, the free exercise of religion clause of the First Amendment to the United States Constitution;

c. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate, both facially and as applied by the Defendants, the equal protection clause of the Fourteenth Amendment to the United States Constitution;

d. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate, both facially and as applied by the Defendants, the right to due process of law guaranteed by Fifth and Fourteenth Amendments to the United States Constitution;

e. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate, both facially and as applied by the Defendants, Article 1, Section 9 of the Nevada Constitution;

f. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 are unconstitutionally vague and overbroad;

g. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate NRS 194.010, both facially and as applied by the Defendants;

h. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate NRS 614.160, both facially and as applied by the Defendants;

I. a declaration that Clark County Code Chapter 16.11, and sections 16.11.020, 16.11.035, 16.11.040, 16.11.090, and 16.11.100 violate NRS 651.070, both facially and as applied by the Defendants;

j. an injunction prohibiting enforcement of Clark County Code Chapter 16.11.

k. an injunction to prohibit the Defendants from imposing any criminal penalties against plaintiffs.

l. an order mandating return of Plaintiffs' confiscated signs,

m. damages in an amount to be determined at the time of trial;

n. reasonable costs and attorneys fees;

o. any further relief the Court deems appropriate.

Dated this 14th day of February 2006:

Respectfully submitted by:

All Lichtenstein
General Counsel, ACLU of Nevada
NV Bar No. 3992
3315 Russell Road, No. 222
Las Vegas, Nevada 89120
702 433-2666 - phone
702 433-9591 - fax
alichtensteinlaw@aol.com

Attorney for Plaintiffs

**Verification**

Jim Webber pursuant to 28 U.S.C. § 1746, hereby makes the following declaration: (1) he is a Plaintiff in the above titled action, (2) he has read the above February 14, 2006 Complaint and knows the contents thereof, and (3) the same is true of his own knowledge except for those matters therein stated on information and belief.

Dated this 14"' day of February 2006

Webber

Subscribed and sworn before me, a notary public in Clark County, Nevada, this 14'b day of February, 2006.

N TARP P
STATE OF NEVADA
County of Clark
ALLEN LICHTENSTEIN
Appt. No. 98-2